37 F.3d 1497
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Johnny D. WINTERS, Defendant-Appellant.
 No. 93-5957.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1994.
Decided Oct. 20, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-93-267)
 Pleasant S. Broadnax, III, Alexandria, VA; Sara E. Kopecki, Alexandria, VA, for Appellant.
 Helen F. Fahey, United States Attorney, Mary Kendall Adler, Special Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WILKINSON and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Johnny D. Winters appeals from his jury conviction of conspiracy to distribute phencycladine (PCP) (21 U.S.C.A. Sec. 846 (West Supp.1994)), and his resulting sentence. We affirm.
 
 
 2
 Winters contends on appeal that the evidence was insufficient to support his conviction. He contends that the evidence failed to show an agreement to distribute PCP and that the evidence failed to show any overt acts in the Eastern District of Virginia sufficient to establish venue there. His claims are without merit.
 
 
 3
 This Court reviews sufficiency of the evidence deferentially, inquiring whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found guilt on all the elements of the crime beyond a reasonable doubt. United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993). The elements of the crime alleged here are (1) knowing joinder; (2) of an agreement, express or tacit; (3) to distribute PCP. See United States v. Mills, 995 F.2d 480, 483 (4th Cir.), cert. denied, 62 U.S.L.W. 3252 (U.S.1993). All three elements were proved through testimony of Winters's coconspirator. This is sufficient to support the conviction. United States v. Burns, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, 61 U.S.L.W. 3819 (U.S.1993). Further, the co-conspirator's testimony showed Winters's sale of some of the PCP occurred in the Eastern District of Virginia. Thus, venue appropriately lay there. United States v. Levy Auto Parts, 787 F.2d 946, 952 (4th Cir.), cert. denied, 479 U.S. 828 (1986).
 
 
 4
 Therefore, we affirm Winters's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED